

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CASE NO. 1:09-CR-109(7) |
| § | |
| JUAN ANTONIO ACEVEDO § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Juan Antonio Acevedo, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #2303) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on August 3, 2016, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation

warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On March 23, 2011, Juan Antonio Acevedo was sentenced before The Honorable Thad Heartfield of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute More Than 1,000 Kilograms of Marijuana, a Class A felony. This offense carried a statutory maximum imprisonment term not less than 10 years nor more than life imprisonment. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of I, was 108 months to 135 months. Juan Antonio Acevedo was subsequently sentenced to 108 months imprisonment followed by three (3) years supervised release, plus special conditions to include financial disclosure, drug testing, and treatment, and mental health treatment.

On July 1, 2014, the Court granted a sentence reduction from 108 months to 75 months followed by three (3) years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and mental health treatment.

On February 20, 2015, the Court granted a sentence reduction from 75 months to 60 months imprisonment. His total offense level was 31 and was amended to 29. His criminal history category of I remained the same. His previous guideline range was 108 to 135 months imprisonment and his amended guideline range was 87 to 108 months.

On October 30, 2015, the Defendant completed his period of imprisonment and began service of the supervision term.

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated the following mandatory condition of release:

*The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of releases from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.*

Specifically, on or about February 9, 2016, Mr. Acevedo submitted a urine sample to his treatment provider which tested positive for cocaine. On February 22, 2016, the laboratory confirmed the specimen to be positive for cocaine, On March 10, 2016, Mr. Acevedo signed an admission form admitting to the use of cocaine.

**C. Evidence presented at Hearing:**

At the hearing, the Government proffered evidence in support of the allegation in the

petition to revoke. Specifically, the Government would establish that as part of his supervision, Mr. Acevedo was ordered to refrain from illegal possession or use of a controlled substance. The Government would offer the laboratory results of the urine sample submitted on February 9, 2016. The Government also submitted a copy of Mr. Acevedo's signed admission form as an exhibit. This evidence supports the allegation in the petition that Mr. Acevedo used cocaine in violation of his supervision conditions.

Defendant, Juan Antonio Acevedo, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he used a controlled substance in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by using a controlled substance. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of I and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 3 to 9 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is five (5) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* The statutory authorized term for supervised release in this case is not less than five years but up to life.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Acevedo pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **nine (9) months** imprisonment, with a **new term of supervised release of two (2) years.**

The new term of supervision should be subject to the same mandatory and standard conditions adopted by the Court and imposed in the original judgment of conviction. The Court further finds that the special conditions stated in the judgment originally imposed by the District Court are still relevant based on the record of the case and the evidence submitted by the Probation Office in conjunction with the petition to revoke.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and

recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of August, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE